Pratt, J.
The plaintiff sued for the loss of services of his infant son, who sustained injury while in the employ of the defendant. At the time of the accident he was seventeen years and three months old, and had been employed by the defendant about three years. His work was stamping sheets of tin in a machine operated by steam power known as a stamper. A sheet of tin was placed upon the lower die of the machine, and by pressure of the feet upon the treadle a clutch was lifted, the machine was put into operation and the upper die was brought down upon the sheet of tin with great force. A heavy spring was attached to the treadle, and when the foot of the operator was taken from it the treadle was lifted by the contraction of the springs and the operation of the machine was stopped.
On the day of the accident the boy called the attention of the defendant’s foreman to the fact that the machine was out of order. The foreman claimed to have fixed it and directed the boy to go to work again, which he says he did, but as the defect in the machine was not remedied he again called the foreman’s attention to it, and the foreman told him to continue his work and he would fix the machine after he had finished for the day.
It appears that a stick was furnished to remove the tin after it had received the impression of the stamper, so as to avoid by the operator the use of the fingers, but at times the sheet would catch in the machine and could only be removed by the use of the fingers.
The foreman knew that the boys who worked in the shop were accustomed to use their fingers in this way^ it had been frequently done by the plaintiff’s son without objection on the part of the foreman, although there had been a notice on the machines forbidding the use of fingers in taking out the sheets.
It was the duty of the defendant to exercise due care in furnishing safe and suitable machinery for the use of his workmen and to keep it in repair, and a neglect of these duties was negligence.
It is true the testimony in this case as to the condition of the machine at the time of the accident was very conflicting, but we cannot say that there is not sufficient evidence to sustain the verdict.
It was a fair question to be submitted to the jury, whether the boy was guilty of contributory negligence, from the *510 fact that he sometimes used his fingers instead of a stick for removing the tin after it was stamped; neither can contributory negligence be imputed to him as matter of law, from the fact that he continued to work on the machine after he had called the attention of the foreman to the fact that it was out of order.
We think the exceptions taken to the refusal of the court to grant a nonsuit cannot avail; considering the* age of the boy, the work he had on hand, and all the facts and circumstances, it became a question proper to be submitted to the jury whether he was guilty of contributory negligence.
If the jury believed the plaintiff’s evidence, there was enough in it to show that the injury was caused solely by the negligence of the defendant.
We think this case fairly falls within the rule that, where the verdict of a jury is rendered upon conflicting evidence, it must be regarded as conclusive on appeal, even though the appellate court might have decided otherwise upon the testimony.
The rule of damages laid down by the court was as favorable to the^defendant as the evidence warranted, and we cannot say that they were excessive.
Judgment affirmed, with costs.